UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL HALL,                          )
                                      )
    Plaintiff,                        )
                                      )
vs.                                   )   CASE NO.:
                                      )
ASCEND PERFORMANCE MATERIALS,         )
                                      )
    Defendant.                        )
_____/

## COMPLAINT

COMES NOW, the Plaintiff, DANIEL HALL (hereinafter "HALL" or "Plaintiff"), by and through the undersigned counsel, hereby files this suit against the Defendant, ASCEND PERFORMANCE MATERIALS, (hereinafter "ASCEND" or "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.,

2. This Court has the authority to issue declaratory relief, injunctive relief, and other relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2101-2102.

3. Venue is proper in this Court because Plaintiff and Defendant reside in this district and the events giving rise to this action occurred in this district. See 28 U.S.C. § 1391(b)-(c).

4. Plaintiff dual filed a charge of discrimination with the Florida Commission on Human Relations and with the Equal Employment Opportunity Commission (EEOC) on or

1

about February 2, 2024. FCHR has issued a "notice of determination" on July 29, 2024 and the Plaintiff has requested a right to sue letter from the EEOC.

5. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## PARTIES

6. The Plaintiff, DANIEL HALL, is a sixty-three (63) year old male citizen and a resident of the State of Alabama, and at all times material hereto, was an employee of the Defendant, ASCEND, in Pensacola, Florida.

7. ASCEND is and was, at all times material hereto, a for-profit corporation authorized to do and doing business in Escambia County, Florida.

## FACTUAL ALLEGATIONS

8. At all times material, Defendant was an "employer" under the ADA.

9. At all times material, Defendant employed fifteen (15) or more individuals.

10. Plaintiff has been working for the Defendant for more than ten (10) years as an operator/processor in the Defendant's Chemical department.

11. As part of his job duties as an operator/processor, Plaintiff be able to work 12-hour rotating shifts, as well as overtime. Moreover, he was required to be able to wear a respirator mask in case of emergency.

12. As part of his employment, Defendant performs periodic test on Plaintiff and other employees to verify their ability to wear a respirator.

13. In or around June 2023, Plaintiff was called upon by the Defendant to verify his ability to wear a respirator.

14. At that time, the Plaintiff had allergies, was stuffed up, and was in cardiac "a-fib" awaiting a medical procedure to correct the a-fib. The Plaintiff told his employer same. However, the physician assistant who was performing the test for the Defendant told Plaintiff that he still had to take the test.

15. The Defendant claims that the Plaintiff failed the respirator test and as such, the Plaintiff was placed on leave.

16. Following being placed on leave, about 3 weeks afterwards, the Plaintiff presented to his pulmonologist where he was tested again and this medical provider indicated that Plaintiff passed the test, he could wear a respirator and was able to perform the job duties. This information was immediately sent to the Defendant.

17. In the past, if the Plaintiff had issues with the respirator test, he was allowed to retake the test. However, the Defendant told the Plaintiff that that policy had changed in 2022 and he could not retake the test.

18. The Defendant had not changed the policy in 2022 as alleged by the Defendant's employee.

19. Despite being provided documentation from the Plaintiff's pulmonologist/physician, the Defendants did not allow the Plaintiff to return to work.

20. Instead, the defendant's Physician Assistant, told the Plaintiff that she was "ok" with the release from Plaintiff's pulmonary medical provider, but stated that when she was looking at the records, she saw where he had a low heart pump rate previously and that he could not return to work due to his heart. This was the first time that this issue was brought to the Plaintiff's attention.

21. The cardiac issue that the Defendant was referencing was cardiac stints that the Plaintiff had implanted years prior, but he had been released to return work and the implanted stints had "done their job" and increased his heart flow.

22. Thereafter, Plaintiff attempted to clear up the issue concerning the cardiac clearance but the Defendant's refused to listen or consider same.

23. Further, HR told the Plaintiff that his job did not "exist anymore"

24. On or about December 22, 2023 the Defendant officially terminated the Plaintiff.

25. The Defendant claims that the Plaintiff was terminated due to the failing the pulmonary test.

26. At all times material hereto, the Defendant, through its duly authorized agents and employees, had actual knowledge and/or constructive knowledge of Plaintiff's medical conditions.

27. Plaintiff was and is qualified to work as an operator for the Defendant despite any medical issues or disability. Since he satisfies the skills, experience, and other job related requirements for this position, and Plaintiff was and is able to perform the essential functions of the position.

28. The Defendant's unlawful discriminatory actions as set forth above were a violation of Plaintiff's rights pursuant to the ADA.

## COUNT I

29. Plaintiff incorporates and re-alleges Paragraphs one (1) through twenty-eight (28) of this Complaint as if fully set forth herein.

30. Plaintiff is and was at all times material hereto, a qualified "individual with a disability" within the meaning of 42 U.S.C. §§ 12201 et. seq.

31. At all times material hereto, the Plaintiff had medical conditions that required him to occasionally get medical care.

32. However, despite this medical care, the Plaintiff was and is still always able to perform his work duties.

33. Additionally, as to the Plaintiff's cardiac and pulmonary issues, these conditions substantially limit one or more of his major life activities.

34. At all times herein, Plaintiff was qualified for, and capable of performing the essential functions of his position with Defendant if he would have been provided a reasonable accommodation.

35. The Defendant through its duly authorized agents and/or employees who acted on behalf of the Defendant within the scope of their employment, intentionally discriminated against the Plaintiff and refused to provide any accommodation based upon his disability by not allowing the Plaintiff to retake the test , return to work and ultimately firing him.

36. The aforementioned actions were unlawful employment practices by the Defendant.

37. Defendant had no adequate justification for its conduct described above, but instead, its actions were taken because of bias against Plaintiff and his disability.

38. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

39. As a direct and proximate result of the intentional discriminatory acts and practices of the Defendant, ASCEND, and its agents and/or employees, the Plaintiff suffered injury, and continues to suffer injury, including, but not limited to, past and future loss of

    income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to his reputation and other past and future pecuniary losses.

40. All conditions preceding the filing of this suit have been performed or occurred.

41. Plaintiff has incurred additional costs and fees in bringing this matter and should be entitled to the award of reasonable attorney's fees and costs.

**WHEREFORE**, the Plaintiff, respectfully prays that this Court:

    a) Enter a judgment in favor of the Plaintiff for such an amount that may be awarded by the jury for compensatory damages;

    b) Order the Defendant to rehire Plaintiff to a position with salary level which the Plaintiff would have had, absent Defendant's discriminatory treatment, or alternatively, award front pay to the Plaintiff for the years he would have worked, absent the Defendant's discriminatory treatment;

    c) Enter judgment in favor of the Plaintiff for such back pay and value of lost employment benefits, as may be found by the jury;

    d) Grant a permanent injunction enjoining the Defendant, its officers, employees, and/or agents from engaging in any employment practice which discriminates on the basis of a disability;

    e) Award the Plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

    f) Grant such additional alternative relief as may appear to the Court to be just and

        equitable under the circumstances; and

g)    Plaintiff reserves the right to assert claims of punitive damages against the Defendant named herein upon satisfying the statutory requirements for the assertion of such claims.

<strong><u>COUNT II</u></strong><br><strong><u>ADA VIOLATION</u></strong><br><strong><u>DISCRIMINATION BASED ON PLAINTIFF'S PERCEIVED DISABILITY</u></strong>

42. Plaintiff incorporates and re-alleges Paragraphs one (1) through twenty-eight (28) of this Complaint as if fully set forth herein.

43. Defendant was at all times material hereto, an employer subject to the ADA. 42 U.S.C. § 12111.

44. At all times material hereto, the Plaintiff had medical conditions that required him to occasionally get medical care.

45. However, despite this medical care, the Plaintiff was and is still always able to perform his work duties.

46. Additionally, as to the Plaintiff's cardiac and pulmonary issues, these conditions do not substantially limit one or more of his major life activities.

47. At all times herein, Plaintiff was qualified for, and capable of performing the essential functions of his position with Defendant, with or without accommodation.

48. The Defendant through its duly authorized agents and/or employees who acted on behalf of the Defendant within the scope of their employment, intentionally discriminated against the Plaintiff based upon his perceived disability by not allowing

the Plaintiff to return to work and ultimately firing him.

49. The aforementioned actions were unlawful employment practices by the Defendant.

50. Defendant had no adequate justification for its conduct described above, but instead, its actions were taken because of bias against Plaintiff and his perceived disability.

51. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

52. As a direct and proximate result of the intentional discriminatory acts and practices of the Defendant, ASCEND, and its agents and/or employees, the Plaintiff suffered injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to his reputation and other past and future pecuniary losses.

53. All conditions preceding the filing of this suit have been performed or occurred.

54. Plaintiff has incurred additional costs and fees in bringing this matter and should be entitled to the award of reasonable attorney's fees and costs.

**WHEREFORE**, the Plaintiff, respectfully prays that this Court:

h) Enter a judgment in favor of the Plaintiff for such an amount that may be awarded by the jury for compensatory damages;

i) Order the Defendant to rehire Plaintiff to a position with salary level which the Plaintiff would have had, absent Defendant's discriminatory treatment, or

  alternatively, award front pay to the Plaintiff for the years he would have worked, absent the Defendant's discriminatory treatment;

j) Enter judgment in favor of the Plaintiff for such back pay and value of lost employment benefits, as may be found by the jury;

k) Grant a permanent injunction enjoining the Defendant, its officers, employees, and/or agents from engaging in any employment practice which discriminates on the basis of a disability;

l) Award the Plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

m) Grant such additional alternative relief as may appear to the Court to be just and equitable under the circumstances; and

n) Plaintiff reserves the right to assert claims of punitive damages against the Defendant named herein upon satisfying the statutory requirements for the assertion of such claims.

## COUNT III

## ADA VIOLATION- FAILURE TO MAKE REASONABLE ACCOMODATIONS

55. Plaintiff incorporates and re-alleges Paragraphs one (1) through twenty-eight (28) of this Complaint as if fully set forth herein.

56. Plaintiff is and was at all times material hereto, a qualified "individual with a disability" within the meaning of 42 U.S.C. §§ 12201 et. seq.

57. Defendant was at all times material hereto, an employer subject to the ADA. 42 U.S.C. § 12111.

9

58. Under the ADA, Defendant has a duty to make reasonable accommodations in policies, practices, or procedures in order to avoid discriminating against Plaintiff on the basis of his disability.

59. Plaintiff, with or without reasonable accommodation, could have performed the essential functions of hir position with Defendant.

60. At all times material, Plaintiff notified Defendant, and/or its' agents, representatives, or employees, of his disability.

61. At all times material, Defendant was aware of Plaintiff's disability.

62. Plaintiff requested reasonable accommodations from Defendant, and/or its agents, representatives, or employees, pursuant to the ADA during the time that they laid him off after he was tested by the Defendant.

63. Unfortunately, Defendant failed or refused to provide the requested accommodations.

64. Additionally, Defendant failed or refused to initiate and/or meaningfully participate in the interactive process mandated by ADA in determining a reasonable accommodation for the Plaintiff herein, choosing instead to terminate Plaintiff's employment.

65. The acts and omissions alleged in this Complaint were taken by employees, officers, and/or agents of Defendant, within the scope of authority of those employees, officers, and/or agents, and therefore were the actions and omissions of Defendant.

66. As a result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses as well as mental anguish, emotional distress, pain and suffering, and harm to his reputation.

67. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

68. Because of the Defendant's actions, Plaintiff had to retain counsel and is entitled to recover his attorney's fees and costs associated with this suit.

69. All conditions precedent for the filing of this claim have been performed or have occurred.

70. As a direct and proximate result of the acts and practices of Defendant, its agents and/or employees described herein, including its failure to provide Plaintiff a reasonable accommodation, refusal to participate in the interactive process, and the subsequent discharge of the Plaintiff's employment, the Plaintiff suffers injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to his reputation and other past and future pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

a) Enter judgment for Plaintiff and against Defendant;

b) Award Plaintiff special, and general damages in the amount shown to be due for Defendant's wrongful conduct;

c) Award Plaintiff any actual and compensatory damages based on Defendants' wrongful conduct;

d) Award Plaintiff reasonable attorney's fees, costs, and expenses of suit;

e)  Enjoin the Defendant from engaging in further discriminatory behavior; and

f)  Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED October 11, 2024.

Respectfully submitted,

/s/ Jeremiah J. Talbott
Jeremiah J. Talbott, Esq.
FL Bar No.: 015484
Law Office of J.J. Talbott
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jj@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiff*